Jerome BIER, personal representative of the estate of Edmond Bier, Appellant,

v.

BI–STATE DEVELOPMENT AGENCY, Respondent.

No. 69882.

Missouri Court of Appeals, Eastern District, Division Five.

Feb. 18, 1997.

Rehearing Denied March 20, 1997.

Michael J. McDonnell, The John H. Frank Partnership, St. Louis, for Appellant.

James E. Whaley, James B. James, Brown & James, P.C., St. Louis, for Respondent.

Before AHRENS, C.J., CRANDALL, J., and CHARLES B. BLACKMAR, Senior Judge.

## ORDER

PER CURIAM.

Plaintiff, the personal representative of Edmond Bier, brought an action against defendant for bodily injuries allegedly sustained by Bier in an automobile accident. Plaintiff appeals from the trial court's directed verdict for defendant following opening statement, after giving plaintiff the opportunity to supplement the statement.

We have reviewed the record on appeal and find no error of law appears. An opinion would have no precedential value. However, the parties have been furnished with a memorandum for their information only, setting forth the facts and reasons for this order. The judgment is affirmed pursuant to Rule 84.16(b).

■

STATE of Missouri, Plaintiff/Respondent,

v.

William H. STANLEY, Defendant/Appellant.

No. 69793.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1997.

Dave Hemingway, Asst. Public Defender, St. Louis, for defendant/appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jacquelyn K. Hamra, Assistant Attorney General, Jefferson City, for plaintiff/respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

## ORDER

PER CURIAM.

Defendant appeals after he was convicted by a jury of one count of possession of a controlled substance, § 195.202, RSMo 1994. The court found defendant to be a prior offender and sentenced him to a prison term of four years. We affirm. We have reviewed the record and find the claims of error to be without merit. An opinion would have no precedential value nor serve any jurisprudential purpose. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order pursuant to Rule 30.25(b).